UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JONAH BURNING BREAST,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER 1, Peace Officer, Rapid City, SD Pennington County, in his or her individual and official capacity; OFFICER 2, Peace Officer, Rapid City, SD Pennington County, in his or her individual and official capacity; OFFICER 3, Peace Officer, Rapid City, SD Pennington County, in his or her individual and official capacity; OFFICER 4, Peace Officer, Rapid City, SD Pennington County, in his or her individual and official capacity,<br><br>Defendants. | 5:23-CV-05021-LLP<br><br>1915A SCREENING |

Plaintiff, Jonah Burning Breast, an inmate at the Pennington County Jail, filed a pro se lawsuit under 42 U.S.C. § 1983 alleging violations of his Fourth and Eighth Amendment rights. Doc. 1. This Court granted Burning Breast's Motion for Leave to Proceed in forma pauperis, and he paid his initial filing fee. Doc. 5. This order shall screen Burning Breast's complaint.

## FACTUAL BACKGROUND

Burning Breast claims that the defendants violated his Fourth and Eighth Amendment rights when they stopped his car, tazed him, and hit him in the head. Doc. 1 at 4-5. Burning Breast was driving a vehicle, and an officer "followed [him] for a period of time [and] pulled [the vehicle] over for 'not stopping.' " *Id.* at 5. He claims they did stop and that "there was also a car in front of [the officer] that hadn't stopped yet from 4 blocks away [the officer] came for

[Burning Breast]." *Id.* Burning Breast alleges that the officer "wasn't in the rights [sic] for pulling [Burning Breast] over." *Id.* at 4.

Burning Breast alleges he was tazed with three different tasers at the same time while also getting punched in the ear. *Id.* "[A]fter getting thrown to the ground one of the officers sat on [Burning Breast's] neck for a period of time with [the officer's] knee." *Id.* "Some time later while recovering[,] another office[r] dug his finders into the softs under [Burning Breast's] neck, in a headlock position afterward [the officer] got [Burning Breast] to get [his] head up." *Id.*

Upon review of the videos of the described events, Burning Breast claims he heard an officer say, "[Y]ou just got triple tazed." *Id.* Burning Breast claims that people who pulled over to record the event are in the videos. *Id.* Burning Breast claims that "[t]hey [presumably in reference to the officers] celebrated there at the end [and] bragged about the whole scenerio [sic]." *Id.*

Burning Breast alleges he suffered injury as he was thrown onto the tasers' prongs which caused him to bleed through his shirt. *Id.* His "ear swelled up [and] it still hurts after 2 months where on cop punched [him]." *Id.*

Burning Breast sues all the defendants in their individual and official capacities. *Id.* at 2. He brings claims against all defendants for violation of his civil rights provided in the Fourth and Eighth Amendment. *Id.* at 4-5

Burning Breast seeks that his "case and all evidence [be] dismissed as well as [his] other possession case without prejudice." *Id.* at 7. He also asks the Court to "dismiss any costs from and during [his cases] including packet." *Id.* He requests "cost reimbursement in the amount of $500,000.00 (fine hundred thousand dollars zero cents)[.]" *Id.*

## LEGAL BACKGROUND

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Court will now assess each individual claim under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Official Capacity Claims

Burning Breast has sued all defendants in their individual and official capacities. Doc. 1 at 2. Burning Breast does not specify if the defendants were peace officers employed at "Rapid City, SD Pennington County[.]" *Id.* Based on Burning Breast's complaint, this Court cannot determine with certainty whether he alleges that the defendants are employed by the Rapid City Police Department or the Pennington County Sheriff's Department, but regardless, his claims against the defendants in their official capacities for money damages fail to state a claim upon which relief can be granted.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipal or local government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Here, Burning Breast seeks from the defendants both money damages and injunctive relief. Doc. 1 at 7. Burning Breast's official capacity claims are, in effect, against the City of Rapid City or Pennington County, whichever is the governmental entity employing all defendants. Doc. 1 at 1-5. Burning Breast has not alleged facts that would support a claim that the City of Rapid City or Pennington County has executed an unconstitutional policy or custom. Thus, his claims against the defendants in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II. Fourth Amendment Claims

Burning Breast brings claims against the defendants in their individual and official capacities for violation of his Fourth Amendment rights. Doc. 1 at 5. The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. amend. IV. The Fourth Amendment also guarantees the right to be free from excessive force during an arrest or investigation. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). The United States Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017) (quoting *Graham*, 490 U.S. at 397).

This Court finds that Burning Breast has stated a claim for which excessive force in violation of his Fourth Amendment rights. He alleges he was injured when he was tazed by three separate tasers at one time, hit in the ear, knocked to the ground, had an officer sit on his neck, and placed in a headlock. *Id.* He alleges he suffered damages of continuing pain and injuries resulting from landing on the tasers' prongs. *Id.* Thus, Burning Breast's claims for excessive force in violation of his Fourth Amendment rights against the defendants in their individual capacities and for injunctive relief in their official capacities survive § 1915A screening. The official capacity monetary claims do not survive screening,

### III. Eighth Amendment Claims

Burning Breast claims that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Doc. 1 at 4. The Eighth Amendment is not implicated until after "a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). The alleged incident did not occur while Burning Breast was in custody as a result of a formal adjudication of guilt. *See* Doc. 1 at 4-6. Thus, Burning Breast's claims fall under the protections of the Fourth Amendment, and his Eighth Amendment claims against the defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

Accordingly, it is ORDERED

1. Burning Breast's claims against the defendants in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. Burning Breast's Fourth Amendment excessive force claims against the defendants in their individual capacities and for injunctive relief in their official capacities survive § 1915A screening. The official capacity monetary claims do not survive screening,

3. Burning Breast's Eighth Amendment cruel and unusual punishment claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. The Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Burning Breast so that he may cause the complaint to be served upon the defendants.

5. Burning Breast shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and

USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Doc. 1) and this order, upon the defendants.

7. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

8. The clerk of the Court is directed to send a copy of this order to the appropriate official at Burning Breast's institution.

9. Burning Breast will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending.

DATED August 24th, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK